UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Robin Hall,
      Plaintiff

      v.                                    Case No. 10-cv-158-SM
                                            Opinion No. 2011 DNH 034
Mortgage Electronic
Registration Systems, Inc.,
and GMAC Mortgage, LLC,
      Defendants

**O R D E R**

Plaintiff seeks to voluntarily dismiss her complaint without prejudice.  Defendants object.

Rule 41 of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> [T]he plaintiff may dismiss an action without a court order by filing:
>
> (I) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment;

Fed. R. Civ. P. 41(a)(1)(A).  Subject to an exception not invoked by defendants, the rule also provides that such a dismissal shall be without prejudice.  Fed. R. Civ. P. 41(a)(1)(B).  See also Universidad Cent. Del Caribe, Inc. v. Liaison Comm. on Medical Educ., 760 F.2d 14, 19 (1st Cir. 1985) ("[T]he plaintiff had the right voluntarily to dismiss the case at any time before an

answer or a motion for summary judgment was served.  The
plaintiff properly invoked that right, and the district court had
no power to condition its dismissal.").

Defendants did not file an answer to plaintiff's complaint.
Defendants have, recently, filed a motion to dismiss (document
no. 12), and earlier filed a pleading styled "Defendants . . .
Motion for Entry of Judgment" (document no. 9).  A motion to
dismiss does not preclude a plaintiff from invoking his or her
right under Rule 41(a)(1)(A) to voluntarily dismiss an action
without prejudice.  As the Court of Appeals for the Third Circuit
observed:

> Because a motion to dismiss under Fed. R. Civ. P.
> 12(b)(6) is neither an answer nor a motion for summary
> judgment, its filing generally does not cut off a
> plaintiff's right to dismiss by notice.  Only when a
> motion filed under Fed. R. Civ. P. 12(b)(6) is
> converted by the district court into a motion for
> summary judgment does it bar voluntary dismissal.

In re Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 166
(3d Cir. 2008) (citations and footnote omitted).  See also Manze
v. State Farm Ins. Co., 817 F.2d 1062, 1066 (3d Cir. 1987)
(collecting cases).

Accordingly, in this case, plaintiff cannot unilaterally
withdraw her complaint (without prejudice) only if defendants'

motion "for judgment" (document no. 9) qualifies as a motion for
summary judgment.  <u>See</u>, <u>e.g.</u>, <u>Universidad Cent. Del Caribe</u>, 760
F.2d at 19 ("Rule 41(a)(1) is clear and unambiguous on its face
and admits of no exceptions that call for the exercise of
judicial discretion by any court.  Other than to determine,
should the question arise, whether an answer or a motion for
summary judgment has in fact been filed prior to the filing of a
notice of dismissal, a court has no function under Rule
41(a)(1)(A)(I).") (quoting <u>D.C. Electronics, Inc. v. Nartron
Corp.</u>, 511 F.2d 294, 298 (6th Cir. 1975)).

    Defendants' motion "for judgment" is mildly ambiguous, in
the sense that it refers in the caption to "entry of judgment,"
and in the body invokes (curiously) Rule 58 (having to do with
the <u>process</u> of entering a judgment).  The pleading does not
invoke Fed. R. Civ. P. 56, does not plainly seek "summary
judgment" on grounds that the material facts are undisputed and,
given those undisputed facts, defendants are entitled to judgment
as a matter of law, and, indeed, the specific relief sought in
the motion is dismissal ("WHEREFORE, Defendants respectfully
request this Honorable Court to dismiss Plaintiff's Petition
without prejudice.").  Had counsel sought summary judgment, it is
safe to assume that they would have filed a traditional and
familiar motion, properly captioned, under Rule 56, supported by

3

affidavits and the required statement of undisputed facts, and
would have asked for entry of judgment as a matter of applicable
law in defendants' favor.  However curiously styled and composed
the earlier motion (document no. 9) was not a motion for summary
judgment, and, of course, the court did not treat it as such.


### Conclusion

Given the plain language of Rule 41(a)(1), "[defendants]
cannot complain that the plaintiff exercised her prerogative
under the rule when [defendants] could have prevented voluntary
dismissal simply by answering the complaint[,]" Manze, 817 F.2d
at 1066, or by filing a motion for summary judgment.  Plaintiff's
complaint is dismissed without prejudice.  (The motion (document
no. 14) is construed as a notice of dismissal, and requires no
ruling.)  Defendants' motion to dismiss (document no. 12) is
denied as moot.  The Clerk of Court shall close the case.


SO ORDERED.

_____
Steven J. McAuliffe
Chief Judge

March 4, 2011

cc:  Steven J. Venezia, Esq.
     Brian S. Grossman, Esq.
     Christopher A. D. Hunt, Esq.

4